**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARITO MARTIN-FUNES, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-72441 <br><br> Agency No. A073-985-991 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Margarito Martin-Funes, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen deportation

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Martin-Funes's motion to reopen, based on lack of notice, where the record shows he was personally served an Order to Show Cause ("OSC") with the required advisals, and he was served notice of his hearing with the required advisals. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) (a motion to reopen to rescind an in absentia order may be filed at any time if "the alien demonstrates that he or she did not receive notice"); 8 U.S.C. § 1252(a)(2)(A) (1996) (written notice shall be given to the alien in the order to show cause or otherwise, of the time and place at which the proceedings will be held, and the consequences of the failure to appear at such proceedings.) Accordingly, Martin-Funes's due process claim fails. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

To the extent that Martin-Funes now contends that the signatures on the OSC and the change of address form are not his, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented in the petitioner's administrative proceedings before the BIA).

15-72441

To the extent that Martin-Funes contends that he was the victim of ineffective assistance from a notary, we lack jurisdiction to consider that unexhausted contention. *See id*.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**